UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:15-cv-14-JMS-DML |
| WENDY KNIGHT, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if

it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United

States." *Id.* Because habeas petitioner Charles Smith has failed to show that this is the case with

respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas

corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. CIF 14-09-073 Smith was found guilty of

violating prison rules at an Indiana prison through his use or possession of a controlled substance.

The evidence favorable to the decision of the hearing officer is that on September 3, 2015 Smith

submitted a urine sample for testing, this sample was sent to an outside laboratory for testing, and

the test results were positive for the presence of Buprenorphine, a controlled substance under

Indiana law. This evidence is accepted here because in circumstances such as Smith presents here

a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable

adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993).

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Smith received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Smith was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Smith's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Smith offers no sound basis on which to challenge the toxicology results. His suggestion that prison polices were not followed would not, even if true, support the grant of federal habeas corpus relief. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31

F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Smith to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  05/12/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Charles Smith
218940
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064